**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

JAN 27 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

PAUL HORTON SMITH Sr.,

        Defendant - Appellant.

No. 24-5276

D.C. No.
5:20-cr-00120-JGB-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Submitted January 22, 2026[**]

Before: WARDLAW, CLIFTON, and R. NELSON, Circuit Judges.

Paul Horton Smith, Sr. appeals from the district court's judgment and challenges the 188-month sentence imposed following his guilty-plea conviction for wire fraud in violation of 18 U.S.C. § 1343. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Smith first claims the district court erred by failing to continue the sentencing hearing to allow him to present additional information concerning a fraud perpetrated against him that would have better contextualized his reasons for committing the offense. We review this claim for abuse of discretion, whether or not Smith's remarks during his allocution were sufficient to constitute a continuance request. *See United States v. Audette*, 923 F.3d 1227, 1240 (9th Cir. 2019). The court did not abuse its discretion. As Smith concedes, he was not diligent in obtaining the additional information before the sentencing hearing. *See United States v. Flynt*, 756 F.2d 1352, 1359 (9th Cir. 1985). Moreover, Smith has not shown that he suffered prejudice. Any additional information concerning the fraud against him would not have been material to the court's sentencing decision, which was driven by the length and extent of the fraud Smith perpetrated against others. *See Audette*, 923 F.3d at 1240 (prejudice is the "most critical" factor in assessing whether a continuance was properly denied).

Smith also argues that the district court violated Federal Rule of Criminal Procedure 32(i)(1)(A) when it failed to verify that counsel had fully reviewed the presentence report with him. Reviewing for plain error, we conclude that the court's omission, though erroneous, did not affect Smith's substantial rights. *See United States v. Ceja*, 23 F.4th 1218, 1227 (9th Cir. 2022). Smith's assertion that, absent the error, he would have produced additional evidence about the fraud

against him does not show prejudice because there is no reasonable probability that any such evidence would have caused the district court to impose a lower sentence. *See id.*

Smith's motion for leave to file a late reply brief is granted. The clerk will file the reply brief, which has been fully considered.

**AFFIRMED.**